**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen (LR-5733)
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEI DING, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ROKA BIOSCIENCE, INC., PAUL G. THOMAS, AND STEVEN T. SOBIESKI,<br><br>Defendants, | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Wei Ding ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Roka Bioscience, Inc. ("Roka" or the "Company"), with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Roka; and (c) review of other publicly available

information concerning Roka. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal class action brought individually and on behalf of all other persons and entities who purchased or otherwise acquired Roka securities pursuant or traceable to the Company's initial public offering, which commenced on or about July 17, 2014  (the "IPO" or "Offering"), including those who purchased or otherwise acquired Roka common stock  between July 17, 2014 and November 6, 2014, inclusive (the "Class Period"); seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under the Securities Act of 1933 (the "Securities Act") and the Rule 17 CFR 229.303 ("Item 303") promulgated thereunder.

2.      Roka is a molecular diagnostics company which creates technologies to detect foodborne pathogens. Its main product, the Atlas instrument, is a fully automated molecular diagnostic testing instrument. Roka claims that its products are fast and accurate at testing for foodborne pathogens such as Salmonella and Listeria. Roka derives substantial review from selling Atlas diagnostic instruments and proprietary Atlas Detection Assays for use in the instrument. Roka's revenues are crucially linked to the number of Atlas diagnostic instruments it can install. Roka is at the early stage of commercialization of its Atlas system and the Company's health depends on its success.

**JURISDICTION AND VENUE**

3.      The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act, 15 U.S.C.  §§ 77k and 77(o) and Rule 17 CFR 229.303. Section 22 of the Securities Act provides for jurisdiction over Securities Act claims in this Court.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and Section 22(a) of the Securities Act, 15 U.S.C. §77v(a).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a).  Defendants maintain their principal executive offices in this District and many of the acts, practices and transactions complained of herein occurred in substantial part in this District.

6.      In connection with the acts, conduct, and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

**PARTIES**

7.      Plaintiff Wei Ding, as set forth in the accompanying certification, incorporated by reference herein, purchased Roka securities at artificially inflated prices during the Class Period and has been damaged thereby.

8.      Defendant Roka is incorporated in Delaware and headquartered in Warren, New Jersey.  During the Class Period, the Company's stock was listed on the NASDAQ under ticker "ROKA."

9.     Defendant Paul G. Thomas ("Thomas") was at all relevant times the Company's CEO and a Director.

10.     Defendant Steven T. Sobieski ("Sobieski") was at all relevant times the Company's CFO and Senior Vice President.

11.     Defendants Thomas and Sobieski are collectively the "Individual Defendants."

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased the common stock of Roka during the Class Period and who were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

13.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Roka securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class.  Members of the Class may be identified from records maintained by Roka or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

14.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

- 4 -

15.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

16.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)  whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)  whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Roka; and

(c)  to what extent the members of the Class have sustained damages and the proper measure of damages.

17.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## DEFENDANTS' MISCONDUCT

18.     On July 11, 2014 Roka filed with the SEC its amended registration statement on Form S-1/A in connection with a public offering of stock.  The registration statement was declared effective that same day and the final prospectus was filed with the SEC on July 17, 2014.  The

registration statements and prospectus are collectively referred to herein as the "Offering Documents."

19.     Defendants Roka and Individual Defendants signed the Offering Documents.

20.     The Offering Documents were issued for the Roka's offering of 5,000,000 shares of common stock at $12 per share.

21.     Total proceeds to Roka before expenses were $55,800,000 million.

22.     The Offering Documents that touted that "Through June 30, 2014, we have installed 36 Atlas instruments pursuant to commercial agreements" compared to the 23 instruments placed with consumers as of December 31, 2013 and eight instruments placed with consumers as of December 12, 2012.

23.      Furthermore, the Offering Documents state that "We expect the food safety testing market to grow due to enactment of new government regulations to improve food safety, quality improvement initiatives by food processors and consumer demand for safe food. We believe we are uniquely positioned to gain share in the food safety testing market given our key strengths."

24.     Defendants outline its strategy in its prospectus making statements such as "We intend to leverage our dedicated sales force, dedicated customer service organization and flexible instrument placement strategies to drive adoption of our Atlas instrument and Atlas Detection Assays. To accelerate market adoption, we conduct comparative methods and workflow efficiency studies that seek to demonstrate the high accuracy, rapid time to results and cost-effectiveness of our Atlas solution."

25.     After close of business on November 6, 2014 Roka issued a press release "Roka Bioscience Reports Third Quarter 2014 Financial Results" which revealed the bleak nature of Roka's sales of its Atlas System. The press release states in relevant part:

> Warren, NJ - November 6, 2014 - (PR Newswire) - Roka Bioscience, Inc. (NASDAQ: ROKA), a molecular diagnostics company focused on providing advanced testing solutions for the detection of foodborne pathogens, today reported its financial results for the three months ended September 30, 2014.
>
> **Financial Results**
>
> Revenue for the quarter ended September 30, 2014 were $1.5 million compared to $556,000 for the third quarter of 2013 and $1.4 million for the second quarter of 2014. The increase in third quarter revenue year-on-year resulted from an increase in the number of Atlas® instruments placed with commercial customers and increased commercial utilization of the instruments. As of September 30, 2014, the Company had 36 instruments placed with customers under commercial agreements compared to 23 instruments as of September 30, 2013 and 36 instruments as of June 30, 2014.
>
> **"Although our commercialization efforts did not result in additional instrument placements in the quarter, we continue to make good progress with our targeted strategic accounts." said Paul Thomas, Roka Bioscience President and Chief Executive Officer. "Despite the challenges associated with the launch of innovative technologies such as our Atlas Detection Assays, we remain focused on increasing revenue from our existing customer relationships while continuing to expand our strategic customer base."**
>
> Total operating expenses for the third quarter were $9.9 million compared to $7.8 million for the same period in 2013. **Net loss for the third quarter was $9.1 million, or a loss of $(0.64) per share**, compared with $9.4 million, or a loss of $(17.00) per share, for the same period in 2013.
>
> As of September 30, 2014, the Company had $62.8 million in cash, which included the proceeds received by the Company in connection with its IPO in July. During the third quarter, the Company made $10.5 million in cash payments to reduce the royalty rate paid to Gen-Probe pursuant to its license agreement.

 (emphasis added)

26.     The Company held a conference call on November 6, 2014 to discuss the third quarter of 2014 financial results. Defendants Thomas and Sobieski were on the call. Defendants acknowledge on the call (i) that "revenue for the third quarter was flat compared to the second quarter of this year" and (ii) installments of the "Atlas Instruments did not increase during the third quarter."

27.      On this adverse news, Roka's stock price plummeted by $5.34 or 64%, closing at $3.00 on November 7, 2014.

28.     The Offering Documents were false and misleading because Defendants failed to disclose known trends and uncertainties about the Company's sales. Defendants were aware of, but failed to disclose, the downward trend of demand for its Atlas System and its poor – or rather non-existent – sales when the Offering Documents were filed with the SEC.

## FIRST CLAIM

### Violation Of Section 11 Of The Securities Act Against All Defendants

29.     Plaintiff repeats and realleges each and every allegation contained above.  This Count is asserted against Defendants.

30.     This count is predicated upon Roka's strict liability for making false statements of material fact in the Offering Documents.

31.     Defendants were sellers, offerors, and/or solicitors of the purchasers of the common stock offered pursuant to Offering Documents. Defendants issued or caused to be issued the Offering Documents in connection with the Offering.

32.     The Offering Documents contained untrue statements of material fact. Defendants' actions included soliciting Plaintiff and the Class by means of these Defendants'

- 8 -

participation in the preparation of the false Offering Documents. Roka is the registrant for the Offering.

33.     Plaintiff and the other members of the Class did not know, nor could they have known, of the untruths or omissions contained in the Offering Documents.

34.     This claim is brought within one year after discovery of the untrue statements and omissions in the Offering Documents and within three years of the effective date of the Offering Documents.

35.     By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages from Defendants.

## SECOND CLAIM

### Violations Of Section 15 Of The Securities Act Against Individual Defendants

36.     Plaintiff repeats and re-alleges each and every allegation contained above.

37.     This count is asserted against the Individual Defendants, each of whom was a control person of Roka at the time of the Offering.

38.     For the reasons set forth above in the Third Count, Roka is liable to Plaintiff and the members of Class who purchased Roka securities in the Offering based on the untrue statements of material fact contained in the Registration Statement and Prospectus, pursuant to Section 11 of the Securities Act, and were damaged thereby.

39.     The Individual Defendants were control persons of Roka by virtue of, among other things, their power and influence and exercised the same to cause Roka to engage in the acts described herein; their positions as senior officers of the Company; their day-to-day control of Roka's business affairs; their responsibility or control over the contents of the Registration

Statement and Prospectus; and/or their control over the inaccurate statements of material fact contained in the Registration Statement and Prospectus.

40.     None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were accurate and complete in all material respects.  Had they exercised reasonable care, they could have known of the material misstatements alleged herein.

41.     This claim was brought within one year after the discovery of the untrue statements and omissions in the Registration Statement and Prospectus and within three years after Roka securities were sold to the Class in connection with the Offering.

42.     By reason of the misconduct alleged herein for which Roka is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as Roka pursuant to Section 15 of the Securities Act.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(A)     Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

(B)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(C)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(D)     Such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: December 24, 2014                     Respectfully submitted,

                                             **THE ROSEN LAW FIRM, P.A.**

                                             /s/ Laurence Rosen
                                             Laurence Rosen (LR-5733)
                                             609 W. South Orange Avenue, Suite 2P
                                             South Orange, NJ 07079
                                             Tel: (973) 313-1887
                                             Fax: (973) 833-0399
                                             Email: lrosen@rosenlegal.com

                                             Counsel for Plaintiff

# Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against Roka Bioscience, Inc.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Roka Bioscience, Inc.. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

| | |
|---|---|
| **First name:** | Wei |
| **Middle initial:** | |
| **Last name:** | Ding |
| **Address:** | REDACTED |
| **City:** | |
| **State:** | |
| **Zip:** | |
| **Country:** | |
| **Facsimile:** | |
| **Phone:** | |
| **Email:** | |

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 07/17/2014 | 300 | 12 |

7. I have not served as a representative party on behalf of a class under the federal security laws during the last three years, except if detailed below. [ ]

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate:        **YES**

**Certification for Wei Ding (cont.)**

By clicking on the button below, I intend to sign and execute
this agreement and retain the Rosen Law Firm, P.A. to
proceed on Plaintiff's behalf, on a contingent fee basis.          **YES**

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform Electronic
Transactions Act as adopted by the various states and territories of the United States.

Date of signing: 12/22/2014