EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------x
                                   :

STANLEY YEDLOWSKI, etc.,           :   Case No. 14-CV-8020-FLW-TJB
                                   :
            Plaintiffs,            :
v.                                   :
                                   :
ROKA BIOSCIENCE, INC., *et al.*,     :
                                   :
            Defendants          :
---------------------------------------------------x

[~~Proposed~~] ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENT

      WHEREAS Lead Plaintiff Stanley Yedlowski, on behalf of the Class (as defined

below), has applied to the Court pursuant to Fed. R. Civ. P. 23(e) and the Private

Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order approving the

proposed settlement of the above-captioned litigation in accordance with the Stipulation

of Settlement submitted to the Court, which Stipulation – together with its annexed

exhibits (collectively, the "Settlement Agreement") – sets forth the terms and conditions

for a proposed settlement of the Action against all Defendants; and

      WHEREAS the Court has read and considered the Settlement Agreement and the

Settling Parties' submissions; and

      WHEREAS, based on the above materials and submissions, the Court finds that

the proposed Settlement is within the range of possible approval and that notifying the

potential Class Members about the terms and conditions of the proposed Settlement and scheduling a formal Fairness Hearing are worthwhile; and

WHEREAS all terms of the proposed Settlement are subject to the Court's approval;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:[1]

1. **Preliminary Findings on Proposed Settlement.** The Court preliminarily finds that the proposed Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Class and scheduling a Fairness Hearing for further review of the proposed Settlement. In making these findings, the Court has considered a number of factors, including the nature of the Settling Parties' respective claims and defenses, the amount and type of consideration to be paid in settlement, the information available to the Settling Parties, and the allocation of the proposed settlement relief. Based on those considerations, the Court preliminarily concludes that (*i*) the proposed Settlement is within the range of possible approval and appears to have resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their counsel, under the auspices of a retired Judge of this Court acting as mediator, and (*ii*) the terms and conditions of the Settlement Agreement do not have any obvious deficiencies and do not improperly grant preferential treatment to any individual Class Members. By the time of

---

[1]     Terms not defined in this Order shall have the definitions given to them in the Settlement Agreement.

the Fairness Hearing, the Court will have had the benefit of any submissions from Class Members concerning the proposed Settlement.

       2.     **Certification of Class Solely for Settlement Purposes.**  The Court hereby preliminarily certifies the Class solely for purposes of the proposed Settlement pursuant to Fed. R. Civ. P. 23(b)(3). The "Class" (consisting of "Class Members") is defined to consist of all persons, entities, or legal beneficiaries or participants in any entities who purchased or otherwise acquired Roka Bioscience, Inc. ("Roka") securities pursuant or traceable to the Registration Statement issued in connection with Roka's initial public offering (the "IPO"), including those persons or entities who purchased or otherwise acquired Roka common stock between July 17, 2014 and March 26, 2015, inclusive (the "Class Period"). Excluded from the Class are:

       a.     such persons or entities who submit valid and timely requests for exclusion from the Class;

       b.     such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against the Releasees and released the Releasees from any further Claims concerning their purchase or other acquisition of Roka securities during the Class Period; and

       c.     such persons who are or were:  Defendants; officers or directors of Roka between July 17, 2014 and the end of the Class Period; Family Members of any of the foregoing, and their legal representatives, heirs, successors, or assigns; and any entity in which any Defendant has or had a Controlling Interest.

3.     This preliminary certification of the Class is made for the sole purpose of attempting to consummate the settlement of the Action in accordance with the Settlement Agreement. If the Court does not grant final approval of the proposed Settlement, or if the Court's grant of final approval does not become Final for any reason whatsoever, or is modified in any material respect, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Lead Plaintiff or anyone else to seek class certification in this or any other matter.

4.     For purposes of the settlement of the Action, and only for those purposes, and subject to the terms of the Settlement Agreement, the Court preliminarily finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws (including the PSLRA) appear to be satisfied, in that:

a.     The Class appears to be ascertainable from business records and/or from objective criteria;

b.     The Class appears to be so numerous that joinder of all members would be impractical;

c.     Lead Plaintiff has alleged one or more questions of fact and law that appear to be common to all Class Members;

d.     Based on Lead Plaintiff's allegations that Defendants engaged in uniform conduct affecting all Class Members, Lead Plaintiff's claims appear to be typical of those of the other members of the Class;

4

e.     Lead Plaintiff appears to be capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Lead Plaintiff's interests appear to be consistent with those of the other Class Members, (*ii*) Lead Counsel appears to be able and qualified to represent the Class, and (*iii*) Lead Plaintiff and Lead Counsel appear to have fairly and adequately represented the Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

f.     For settlement purposes, questions of law and/or fact common to members of the Class appear to predominate over any such questions affecting only individual Class Members, and a class action appears to be superior to all other available methods for the fair and efficient resolution of the Action.  In making these provisional findings for settlement purposes, the Court has considered, among other things, (*i*) the Class Members' interests in individually controlling the prosecution of separate actions, (*ii*) the impracticability or inefficiency of prosecuting separate actions, (*iii*) the extent and nature of any litigation concerning these claims already commenced, and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

5.     **Certification of Lead Plaintiff and Appointment of Class Counsel Solely for Settlement Purposes.**  Solely for purposes of the proposed Settlement, the Court hereby preliminarily certifies Stanley Yedlowski as the class representative and preliminarily appoints The Rosen Law Firm, P.A., as class counsel pursuant to Fed. R. Civ. P. 23(g).

6.     **Fairness Hearing.**  Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a hearing (the "Fairness Hearing") on November     9, 2016, at 10 A.m. (a date

no fewer than 130 days from the date of this Order), before The Honorable Freda L. Wolfson, United States District Judge for the District of New Jersey, at the United States Courthouse, 402 East State Street, Room 5E, Trenton, New Jersey, 08608. The Court may adjourn the Fairness Hearing and reconvene it at some other date or time without further notice to Class Members and may approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the parties to the Settlement Agreement and without further notice to the Class.

      7.     The Fairness Hearing will consider, among other things:

      a.     whether the Court should grant final certification of the Action as a class action for settlement purposes;

      b.     whether the Court should approve the proposed Settlement as fair, reasonable, and adequate;

      c.     whether the Court should approve the proposed Plan of Allocation as fair and reasonable;

      d.     whether a Final Order and a Judgment, substantially in the forms attached to the Settlement Agreement as Exhibits B and C, should be entered dismissing the Action on the merits and with prejudice, and whether the releases in the Settlement Agreement should be provided to the released parties;

      e.     whether the Individual Notice, Summary Notice, Claim Form, and notice methodology implemented pursuant to the Settlement Agreement and this Order (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency

6

of the Action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, their right to appear at the Fairness Hearing, and their right to exclude themselves from the Class, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice, and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, the PSLRA, and any other applicable law;

f.      whether Lead Plaintiff and Lead Counsel adequately represented the Class for purposes of entering into and implementing the proposed Settlement;

g.      whether the Court should enter the PSLRA Contribution Bar Order and the Complete Bar Order, as described in the Settlement Agreement and the proposed Final Order;

h.      whether the Court should permanently bar and enjoin (*i*) all Class Members and their heirs, executors, administrators, trustees, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02(b) ("Affiliates"), representatives, and assigns – and anyone else (including any governmental entity) purporting to act on behalf of, for the benefit of, or derivatively for any of them – from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or

7

forum, that is based upon, arises out of, or relates to any Released Plaintiffs' Claim as to

any Releasee, including any Claim that is based upon, arises out of, or relates to the

Action or the transactions and occurrences referred to in the Complaint, and (*ii*) all

persons and entities from filing, commencing, or prosecuting any other lawsuit as a class

action (including by seeking to amend a pending complaint to include class allegations or

by seeking class certification in a pending action) or other proceeding on behalf of any

Class Member as to the Releasees, if such other lawsuit is based upon, arises out of, or

relates to any Released Plaintiffs' Claims, including any Claim that is based upon, arises

out of, or relates to the Action or the transactions and occurrences referred to in the

Complaint; *provided, however,* that nothing in the Final Order or the Judgment shall

enjoin the pursuit of any Claims to enforce the Settlement Agreement;

        i.     whether the Court should approve Lead Counsel's request for

attorneys' fees and expenses; and

        j.     any other matters that the Court may deem appropriate.

    8.    **Administration of Proposed Settlement.**

        a.     **Retention of Claims Administrator.**  The Court approves Lead

Plaintiff's selection of Strategic Claims Services to serve as claims administrator (the

"Claims Administrator").  The Claims Administrator shall perform various tasks as

directed by Lead Counsel and Defendants' Counsel, including:  (*i*) distributing the

Individual Notice and Claim Form to potential Class Members; (*ii*) arranging for

publication of the Summary Notice; (*iii*) posting the Individual Notice and other

documents on the Claims Administrator's website; (*iv*) answering written inquiries from

potential Class Members and/or forwarding such inquiries to Lead Counsel; (*v*) providing additional copies of the Individual Notice, upon request, to Nominees or potential Class Members; (*vi*) operating a toll-free telephone number to respond to inquiries from potential Class Members about the proposed Settlement and any related issues; (*vii*) receiving and maintaining any requests from potential Class Members for exclusion from the Settlement; (*viii*) receiving and processing Claim Forms from Class Members; (*ix*) mailing or causing to be mailed to Authorized Claimants their distributions under the Plan of Allocation; and (*x*) otherwise administering and implementing the Settlement Agreement.

           b.     **Notice and Administration Costs and Taxes**.  As provided in the Settlement Agreement, (*i*) all reasonable costs up to the sum of $150,000 incurred in identifying and notifying potential Class Members and in administering the Settlement (including the Claims Administrator's fees and expenses) shall be paid from the Settlement Amount as set forth in the Settlement Agreement without further order of the Court, and (*ii*) Lead Counsel or the Claims Administrator or their agents are authorized and directed to prepare any tax returns required to be filed on behalf of or concerning the Settlement Amount and other monies in the Escrow Account, to cause any Taxes due and owing to be paid from the funds in the Escrow Account, and to otherwise perform all obligations as to Taxes and any reporting or filings relating to them as contemplated by the Settlement Agreement, without further order of the Court.

           9.     **Notice to Class Members**.  The Court hereby approves, as to form and content, the Individual Notice, Claim Form, and Summary Notice annexed to the

Settlement Agreement as Exhibits D, E, and F, respectively.  The Court finds that the Individual Notice, Claim Form, and Summary Notice will fully and accurately inform the potential Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Class, and of each Class Member's right and opportunity to object to the proposed Settlement.  The Court further finds that the mailing and distribution of the Individual Notice and Claim Form and the publication of the Summary Notice substantially in the manner and form set forth in this Order will meet the requirements of due process, Fed. R. Civ. P. 23, the PSLRA, and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled to such notice.

10.     Within seven (7) days after the date of this Order, Roka and/or its transfer agent(s), to the extent they have not already done so, shall provide or cause to be provided to the Claims Administrator any lists they might have of all persons and entities that purchased Roka securities during the Class Period (the "Security Holder Lists"), so that the Claims Administrator can provide notice to such potential Class Members.  To the extent practicable, the Security Holder Lists shall be in electronic form and shall contain the names and addresses of all potential Class Members who can be identified through reasonable efforts from Roka's and its transfer agents' records.

11.     Within 16 business days after the date of this Order, the Claims Administrator shall mail or cause to be mailed the Individual Notice and the Claim Form, substantially in the forms annexed to the Settlement Agreement as Exhibits D and E, by first-class mail, postage prepaid, to all potential Class Members at the address of each

10

such person or entity as set forth in the Security Holder Lists or who are identified by further reasonable efforts.  Notices will also be provided by Roka to U.S. federal and state officials if and to the extent required by the Class Action Fairness Act.

12.     Within ten (10) days after the Individual Notices have been mailed to potential Class Members (not including any subsequent remailings), the Claims Administrator shall cause the Summary Notice (substantially in the form annexed to the Settlement Agreement as Exhibit F) to be published once in each of *The Wall Street Journal* and *Investor's Business Daily* as well as on wire services.

13.     The Claims Administrator shall also cause copies of the Individual Notice and Claim Form to be mailed as soon as practicable to persons who assert, in response to the Summary Notice or otherwise, that they are potential Class Members.

14.     The Claims Administrator shall cause a website to be established so that potential Class Members can find information relating to the Action and the proposed Settlement.  The website shall contain, among other things, copies of (*i*) the Individual Notice, including the Plan of Allocation, (*ii*) the Claim Form, (*iii*) the Summary Notice, (*iv*) the Settlement Agreement (including the exhibits), (*v*) motions for approval of the proposed Settlement, and any responsive papers, (*vi*) Lead Counsel's motion for an award of attorneys' fees and expenses, and any responsive papers, (*vii*) the Amended Complaint in the Action, (*viii*) this Order and any subsequent Orders concerning the proposed Settlement and the Fairness Hearing, and (*ix*) such other materials as the Settling Parties determine should be posted.

15.     At least seven (7) calendar days before the Fairness Hearing, Lead Counsel and/or the Claims Administrator shall serve and file with the Court proof by affidavit or declaration of the mailing and publication of the Individual Notice and the Summary Notice and the posting of the various materials on the Claims Administrator's website, all as required by this Order.

16.     The costs of providing class notice pursuant to the Settlement Agreement and this Order will be paid from the Settlement Amount in the Escrow Account, as addressed in the Settlement Agreement.  Lead Counsel is hereby empowered to supervise and administer the notice procedures set out in this Order.

17.     The Claims Administrator and/or Lead Counsel shall make reasonable efforts to identify all persons who are potential Class Members, including beneficial owners whose Roka securities are or were held by banks, brokerage firms, depository institutions, or other nominees.  Nominees who purchased or otherwise acquired Roka securities during the Class Period are directed, within fourteen (14) days after receipt of the Individual Notice and Claim Form, either (*i*) to request from the Claims Administrator additional copies of the Individual Notice and the Claim Form for distribution to beneficial owners or (*ii*) to send a list of the names and addresses of such beneficial owners to the Claims Administrator.  If a Nominee elects to send the Individual Notice and Claim Form to beneficial owners, such Nominee is directed to mail the Individual Notice and Claim Form within fourteen (14) days after receipt of the copies of those documents from the Claims Administrator; upon making such mailing, the Nominee shall send a statement to the Claims Administrator confirming that the

12

mailing was made as directed, and the Nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with this Order, including the timely mailing of the Individual Notice and Claim Form to beneficial owners, such Nominees may seek reimbursement of their reasonable expenses actually incurred of up to $0.75 per mailing in complying with this Order by providing the Claims Administrator with proper documentation supporting the reasonable expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Individual Notice and Claim Form. Such properly documented reasonable expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the funds in the Escrow Account.

18.     The Settling Parties and their counsel may by agreement effect any amendments to or modifications of the proposed Individual Notice, the Summary Notice, the Claim Form, and the Plan of Allocation without notice to or approval by the Court if such changes are not materially inconsistent with this Order and do not materially limit the rights of potential Class Members.

19.     **Filing of Claims**.  To be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

a.     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than __9/19/16__ (eighty (80) calendar days from the date of this Order).  Such deadline may be further extended by Order of the Court.  Each Proof of

13

Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail), provided that such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted on the date that the Claims Administrator actually receives it at the address designated in the Notice.

b.     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (*i*) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (*ii*) it must be accompanied by adequate supporting documentation for the reported transactions, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation that the Claims Administrator or Lead Counsel deems adequate; (*iii*) if the person executing the Proof of Claim is acting in a representative capacity, he or she must provide with the Proof of Claim a certification of his or her current authority to act on behalf of the Class Member; and (*iv*) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter in the form and must be signed under penalty of perjury.

c.     Once the Claims Administrator has considered a timely submitted Proof of Claim, the Claims Administrator shall determine whether such claim is valid, deficient, or rejected. Before rejecting a Proof of Claim, the Claims Administrator shall communicate with the claimant and allow him, her, or it to remedy curable deficiencies in

14

the submitted Proof of Claim. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim it proposes to reject in whole or in part, setting forth the reasons for the proposed decision. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis for the determination. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) days) to cure such deficiency if it shall appear that such deficiency may be curable.

        d.      For the filing of and all determinations concerning their Proofs of Claim, each Class Member shall submit to the jurisdiction of the Court.

      20.     **Communications with Class Members**. The Releasees shall maintain the right to communicate orally and in writing with Roka's shareholders (including potential Class Members) about the Action and the proposed Settlement if such communications are limited to the following:

        a.      Communications regarding the subject matter of the Settlement Agreement between potential Class Members and representatives of the Releasees whose responsibilities include investor relations;

        b.      Communications as may be necessary to implement the terms of the Settlement Agreement; and

        c.      Such communications as may be made in the conduct of the Releasees' businesses, including to comply with any applicable NASDAQ requirements.

21.     **Exclusion from Class**.  All potential Class Members who wish to exclude

themselves from the Class must submit timely, written requests for exclusion to the

Claims Administrator.  The exclusion request must include the following information:

(*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) number

of shares of Roka securities purchased or otherwise acquired or sold during the Class

Period, (*vi*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*vii*) the date

of each such transaction involving each Roka security, and (*viii*) account statements

verifying all such transactions and the number of securities still held (if any).

22.     To be valid, any request for exclusion must be in writing, must contain all

the required information, and must be received by the Claims Administrator no later than

thirty-five (35) days before the date initially set for the Fairness Hearing.

23.     If the proposed Settlement is approved, any potential Class Member who

has not filed a timely and valid written request for exclusion from the Class (and his, her,

or its heirs, executors, administrators, predecessors, successors, Affiliates, agents,

representatives, and assigns, and anyone else purporting to act on behalf of, in the interest

of, or derivatively for any of the foregoing persons or entities) shall be bound by the

Release in the Settlement Agreement and by all proceedings, orders, and judgments in the

Action, whether favorable or unfavorable, even if he, she, or it has pending or

subsequently initiates any litigation, arbitration, or other proceeding, or has any other

Claim, against any or all of the Releasees relating to any of the Released Plaintiffs'

Claims.

24.     At or before the Fairness Hearing, the Settling Parties shall provide to the Court a list of the persons and entities, if any, who have validly and timely requested exclusion from the Class.  Persons requesting exclusion from the Class shall not be entitled to receive any payment in connection with the proposed Settlement.

25.     **Objections**.  Any Class Member who has not filed a request for exclusion from the Class and who wishes to object to the fairness, reasonableness, or adequacy of the proposed Settlement, including the Plan of Allocation and/or the request for attorneys' fees and expenses, must serve on Lead Counsel and Defendants' Counsel and file with the Court a statement of his, her, or its objection(s), as well as the specific reason(s), if any, for each such objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection.

26.     Each objection must include the name and docket number of this case (as set out at the top of this Order) and must also include the following information about the Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) number of shares of Roka securities purchased or otherwise acquired or sold during the Class Period, (*vi*) price(s) paid or value received, and, if sold, the sales price(s), (*vii*) the date of each such transaction, and (*viii*) account statements verifying all such transactions and the number of securities still held (if any).

27.     All such objections – whether sent by mail, express delivery, hand delivery, or otherwise – must be received by the Court and by Lead Counsel and

Defendants' Counsel at least twenty (20) days before the date initially set for the Fairness

Hearing.  Objections should be sent or delivered to the following addresses:

a.   The Court:

Clerk of Court
United States District Court for the District of New Jersey
United States Courthouse
402 East State Street, Room 5E
Trenton, NJ  08608

b.   Lead Counsel:

Laurence Rosen, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY  10016

c.   Defendants' Counsel:

Ralph C. Ferrara, Esq.
Jonathan E. Richman. Esq.
Proskauer Rose LLP
1001 Pennsylvania Avenue, N.W.
Suite 600 South
Washington, DC  20004

28.   If a Class Member hires an attorney (at his, her, or its own expense) to

represent him, her, or it for purposes of objecting, such attorney must serve a notice of

appearance on Lead Counsel and Defendants' Counsel and file it with the Court (at the

addresses set out above) so that it is received no later than twenty (20) days before the

date initially set for the Fairness Hearing.

29.   Any Class Member who does not make an objection in the time and

manner provided in the Individual Notice and this Order shall be deemed to have waived

such objection, shall be bound by the terms of the Settlement Agreement and the Final

18

Order and Judgment, and shall be foreclosed forever from making any objection to the fairness or adequacy of the proposed Settlement unless otherwise allowed by the Court.

30.   Potential Class Members who exclude themselves from the proposed Settlement and the Class are not entitled to object to the proposed Settlement.

31.   **Appearance at Fairness Hearing**.  Any Class Member who files and serves a timely, written objection in accordance with the terms of this Order – and only such Class Members – may also appear at the Fairness Hearing either in person or through counsel retained at the Class Member's expense to object to the fairness, reasonableness, or adequacy of any aspect of the proposed Settlement.  Class Members or their attorneys intending to appear at the Fairness Hearing must file and serve a notice of intention to appear, setting forth, among other things, the name, address, telephone number, and e-mail address (if available) of the Class Member (and, if applicable, of the Class Member's attorney).  Such notice of intention to appear must be received by Lead Counsel, Defendants' Counsel and the Court, at the addresses set forth above, by no later than twenty (20) days before the date initially set for the Fairness Hearing.  Any Class Member (or attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

32.   **Access to Discovery Materials.**  A potential Class Member (and his, her, or its counsel) who agrees to be bound by the Confidentiality Order (attached as Exhibit G to the Stipulation of Settlement) will be provided access, at his, her, or its own expense, to the discovery materials and/or Settlement Information (as defined in the

19

Confidentiality Order) in the Action for the sole purpose of assessing the proposed

Settlement.  The discovery materials in the Action shall be made available, subject to the

terms of the Confidentiality Order, for inspection at the offices of Defendants' Counsel in

New York City for a period of no more than forty-five (45) days from the date on which a

request of access is made and, in any event, no later than twenty-eight (28) days before

the date initially set for the Fairness Hearing.

     33.    **Preliminary Injunction**.  Pending final determination of whether the

proposed Settlement should be approved:

          a.    Lead Plaintiff and all other Class Members (and their heirs,

executors, administrators, trustees, predecessors, successors, Affiliates, representatives,

and assigns) who have not validly and timely requested exclusion from the Class – and

anyone else (including any governmental entity) purporting to act on behalf of, for the

benefit of, or derivatively for any of such persons or entities – are preliminarily enjoined

from filing, commencing, prosecuting, intervening in, or participating in (as class

members or otherwise) any other lawsuit, arbitration, or administrative, regulatory, or

other proceeding (as well as a motion or complaint in intervention in the Action if the

person or entity filing such motion or complaint in intervention purports to be acting as,

on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or

order, in any jurisdiction or forum, as to the Releasees based on or relating in any way to

the Released Plaintiffs' Claims, including the claims and causes of action, or the facts and

circumstances relating thereto, in the Action; and

b.     All persons are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related in any way to the Released Plaintiffs' Claims, including the claims and causes of action, or the facts and circumstances relating thereto, in the Action.

34.    **Filing of Papers**.  All papers in support of the proposed Settlement shall be filed and served as set forth below:

a.     Any motions for final approval of the proposed Settlement and Plan of Allocation and any motions for an award of attorneys' fees and expenses must be filed no later than 35 days before the date initially set for the Fairness Hearing.

b.     Any oppositions to any motions for final approval of the proposed Settlement or the Plan of Allocation and/or for attorneys' fees and expenses – and any objections to the proposed Settlement or the Plan of Allocation and/or the request for attorneys' fees and expenses – must be filed with the Court and received by Lead Counsel and Defendants' Counsel, at the addresses set out above, no later than 20 days before the date initially set for the Fairness Hearing.

c.     Any reply papers in support of final approval of the proposed Settlement, the Plan of Allocation, and/or an award of attorneys' fees and expenses, and any responses to objections or oppositions, must be filed and served no later than seven calendar days before the Fairness Hearing.

21

35.     **Qualified Settlement Fund.**  The Escrow Account into which the

Settlement Amount will be paid shall be considered a Qualified Settlement Fund *in*

*custodia legis* of the Court, in accordance with Treas. Reg. §§ 1.468B-0 through 1.468B-

5.

36.     **Termination of Settlement**.  This Order shall become null and void, and

shall be without prejudice to the rights of the Settling Parties, all of whom shall be

restored to their respective positions existing immediately before this Court entered this

Order, if (*i*) the proposed Settlement is not finally approved by the Court, or does not

become Final, pursuant to the terms of the Settlement Agreement or (*ii*) the proposed

Settlement is terminated in accordance with the terms of the Settlement Agreement or

does not become effective as required by the terms of the Settlement Agreement for any

other reason.  In such event, the Settlement Agreement shall become null and void and of

no further force and effect in accordance with its terms, and it shall not be used or

referred to for any purpose whatsoever.

37.     **Use of Order**.  This Order shall be of no force or effect if the proposed

Settlement does not become Final.  This Order shall not be construed or used as an

admission, concession, or declaration by or against the Releasees of any fault,

wrongdoing, breach, or liability.  Nor shall this Order be construed or used as an

admission, concession, or declaration by or against Lead Plaintiff or the other Class

Members that their claims lack merit or that the relief requested in the Complaint is

inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or

claims he, she, or it might have.

22

38.     **Sharing of Papers.** Lead Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

39.     **Potential Continuance of Fairness Hearing.** The Court reserves the right to adjourn the date of the Fairness Hearing, and any adjournment thereof, without further notice to potential Class Members.

40.     **Retention of Jurisdiction.** The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: Trenton, New Jersey
       June 28, 2016


_____
Freda L. Wolfson
United States District Judge

23