## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ———————————————————— X | |
| | : |
| **STANLEY YEDLOWSKI, etc.,** | : |
| | : |
| **Plaintiffs,** | : **Case No. 14-CV-8020-FLW-TJB** |
| | : |
| | : |
| **v.** | : |
| | : |
| **ROKA BIOSCIENCE, INC.,** | : |
| | : |
| **Defendants** | : |
| ———————————————————— X | |

### CONFIDENTIALITY AGREEMENT AND ORDER

This Confidentiality Agreement and Order (the "Agreement") is entered into in this putative class action as of May 17, 2016, between and among lead plaintiff Stanley Yedlowski ("Lead Plaintiff") and defendant Roka Bioscience, Inc. ("Roka").

WHEREAS, on December 24, 2014, the above-captioned putative class action (the "Action") was filed on behalf of certain purchasers of Roka securities alleging violations of the federal securities laws; and

WHEREAS, on June 23, 2015, Lead Plaintiff filed an Amended Class Action Complaint (the "Complaint"), which asserts claims under the Securities Act of 1933 against Roka and two of its senior officers (collectively, "Defendants"); and

WHEREAS the Complaint contends that the Registration Statement issued in connection with Roka's initial public offering contained false statements and/or omitted material facts about Roka's Atlas instrument and assays and about challenges that customers were facing in using Roka's assays; and

WHEREAS the Complaint also alleges that customers' problems had an adverse impact on Roka's revenues and other financial metrics; and

WHEREAS Lead Plaintiff's counsel (The Rosen Law Firm, P.A. ("Lead Counsel")) and Defendants' counsel have engaged in discussions about the possibility of settling the Action; and

WHEREAS Lead Plaintiff and Defendants have agreed to a proposed settlement of the Action, subject to the Court's approval; and

WHEREAS, solely for purposes of confirming whether the proposed settlement is fair, reasonable, and adequate, Lead Plaintiff has asked that its counsel be given access to documents and information relating to the issues raised in the Complaint; and

WHEREAS, under the Private Securities Litigation Reform Act of 1995, all discovery in the Action is currently stayed and shall remain stayed pending disposition of Defendants' motion to dismiss the Complaint; and

WHEREAS Defendants have advised Lead Plaintiff that they intend to file a reply brief in further support of their motion to dismiss, and to ask the Court to rule on the pending motion at an appropriate time if the proposed settlement does not become Final (as defined in the Stipulation of Settlement); and

WHEREAS Defendants seek and intend to preserve all objections to discovery in the Action and in any other actions or proceedings in any forum and to protect all applicable privileges and protections – including the attorney-client privilege and the attorney work-product protection – that might apply to such documents;

NOW, THEREFORE, solely to advance Lead Plaintiff's evaluation of the proposed settlement, in consideration of the mutual promises and covenants made in this Agreement, with the intent to be legally bound by the terms of this Agreement, and understanding that the Court

2

may enforce the terms of this Agreement, Lead Plaintiff, Lead Plaintiff's Counsel, Defendants, and Defendants' Counsel (Proskauer Rose LLP) agree as follows:

1.      All non-public documents that are in or come into the possession of Lead Plaintiff or Lead Counsel solely from Defendants – including, without limitation, writings, drawings, graphs, charts, photographs, microfilm, microfiche, drafts, deposition transcripts, non-identical copies of documents, and data compilations (including, without limitation, electronic or computerized data compilations) from which information can be obtained – and all non-public information (whether oral or written) that is provided to Lead Plaintiff or Lead Counsel under the terms of this Agreement and is or becomes known to Lead Plaintiff or Lead Counsel solely from Defendants shall be deemed to be "Settlement Disclosure Material." The notes or transcripts of any interviews or depositions conducted in connection with the confirmatory discovery for the proposed settlement shall also be deemed to be Settlement Disclosure Material that is subject to the terms of this Agreement.

2.      For a period not to exceed 45 days after the Preliminary Approval Date, Roka will make Settlement Disclosure Material available to Lead Counsel for review. The documents will be made available to Lead Counsel on an electronic site that Lead Counsel will be able to review, but not print or download.

3.      Although they may not print or download Settlement Disclosure Material, Lead Counsel's representatives may make handwritten or computer-generated notes or dictate notes regarding Settlement Disclosure Material as they review such materials.

4.      If Lead Counsel wishes to designate Settlement Disclosure Material for duplication, Defendants' Counsel shall arrange to have the designated material duplicated, with copying costs to be at Lead Plaintiff's or Lead Counsel's own expense. When the designated

3

Settlement Disclosure Material is duplicated, Defendants' Counsel may, at Roka's expense, make a second copy of it, and Defendants' Counsel shall retain that copy.

5.      Only the following individuals shall be allowed access to the Settlement Disclosure Material:

a.      attorneys who are either partners in, or members or employees of, Lead Counsel;

b.      any other attorneys whom Lead Counsel designates for purposes of reviewing the proposed settlement of the Action or of any related litigation, and for no other purposes whatsoever;

c.      non-attorney employees of Lead Counsel, or of any other attorneys designated pursuant to paragraph 5.b above, necessary to assist Lead Counsel or any of those other attorneys in reviewing Settlement Disclosure Material solely for purposes of assessing the proposed settlement of the Action;

d.      consultants or experts retained by Lead Counsel, or by any other attorneys designated pursuant to paragraph 5.b above, necessary to assist those attorneys in reviewing Settlement Disclosure Material solely for purposes of assessing the proposed settlement of the Action, and whose identities shall not be disclosed to Defendants; *provided,* however, that, if the Action does not ultimately settle, and if litigation continues, then the disclosure and discovery provisions of Fed. R. Civ. P. 26 and any Local Rules of Court governing experts will apply; and

e.      any mediator(s) appointed to help the parties resolve the Action.

6.      Any individual given access to Settlement Disclosure Material pursuant to paragraph 5 above shall, before being granted such access, be given a copy of this Agreement

and agree, by executing the undertaking in the form attached as Exhibit A, to be subject to its terms.

7.    Settlement Disclosure Material and information contained in Settlement Disclosure Material (collectively, "Settlement Information") shall be used solely for the purpose of evaluating the proposed settlement of the Action and for no other purpose whatsoever (including pursuing claims in the Action or in any other proceeding within or outside the United States).  Lead Counsel and all other individuals allowed access to Settlement Disclosure Material pursuant to paragraph 5 above shall keep all Settlement Information strictly confidential and shall not disclose, disseminate, discuss, or otherwise publish such material or information in whole or in part, directly or indirectly, by any manner, method, or means whatsoever, to any other person, firm, or entity, including any media organization; nor shall they use any Settlement Information in connection with any purchase or sale of, or any other investment decision relating to, Roka securities; *provided, however*, that:

a.    Lead Counsel and any other individuals allowed access to Settlement Disclosure Material pursuant to paragraph 5 above may discuss Settlement Information with Lead Plaintiff, consultants or experts retained by Lead Counsel, and representatives of Lead Plaintiff consistent with the terms of this Agreement;

b.    Lead Counsel and any other individuals allowed access to Settlement Information pursuant to paragraph 5 above may generally discuss the nature of such information with other counsel representing potential class members in the Action solely for the purposes of allowing those other counsel to evaluate the proposed settlement of the Action; *provided, however*, that such discussions shall not include identification or descriptions of specific Settlement Disclosure Material; and

c.      Before any discussions take place regarding Settlement Information as provided in this paragraph 7, all prospective recipients of Settlement Information must be given a copy of this Agreement and agree, by executing the undertaking in the form attached as Exhibit A, to be subject to its terms.

8.      Lead Counsel shall retain the undertakings executed pursuant to paragraphs 6 and 7 above.  Lead Counsel shall provide an undertaking to Defendants' Counsel that all individuals allowed access to Settlement Information pursuant to this Agreement have executed the requisite undertakings.

9.      If any Settlement Disclosure Material is in a language other than English and Lead Counsel wishes to translate that material, Defendants' Counsel will exercise reasonable efforts to work with Lead Counsel to devise a method for obtaining translations at Lead Counsel's expense; *provided, however,* that Defendants and Defendants' Counsel shall not otherwise have any obligation to provide translations of Settlement Disclosure Material.

10.     If Lead Plaintiff, Lead Counsel, or any other individual given access to Settlement Information pursuant to this Agreement receives a request to produce Settlement Information by any means, including by written interrogatories or by deposition, the recipient of such request shall give Defendants' Counsel immediate written notice of such request as provided in this Agreement, so that Defendants may take any appropriate measures (including seeking a protective order or attempting to quash such request) to oppose or limit disclosures, to require that disclosure be made under seal, or to seek any other available remedy.  Lead Plaintiff, Lead Counsel, and/or any other individual receiving the request shall not oppose any efforts by Defendants and/or their counsel to take whatever measures they deem appropriate to protect Settlement Information from disclosure; *provided, however,* that Lead Plaintiff, Lead Counsel,

and/or any other individual receiving the request shall be able to make any other arguments he, she, or it deems appropriate to the extent such arguments are not contrary to Defendants' or their counsel's arguments regarding disclosure. If a protective order cannot be obtained, and if Lead Plaintiff, Lead Counsel, or any other individual given access to Settlement Information pursuant to this Agreement is compelled by a court order to disclose Settlement Information, then such entity or individual shall disclose only such portion of such information that is required to be disclosed. Lead Plaintiff, Lead Counsel, and/or any other individual so compelled shall give Defendants' Counsel immediate written notice of the information to be disclosed as far in advance of its disclosure as is practicable, shall use its or their best efforts to obtain assurances that the information will be filed under seal, and shall give Defendants' Counsel a duplicate production of all documents that are required to be disclosed.

11.     The Stipulation of Settlement (including its exhibits) in the Action addresses the manner in which Settlement Information may be used in connection with any hearing held by the Court to consider the fairness, reasonableness, and adequacy of the proposed settlement, including a procedure to allow potential Class Members (as defined in the Stipulation of Settlement) or their counsel to review Settlement Disclosure Material before such hearing. Any potential Class Member who requests access to Settlement Information in connection with assessing the fairness of the proposed settlement must first sign the attached Exhibit A and agree to be bound by the terms of this Agreement. If a potential Class Member makes such a request for his, her, or its counsel to review Settlement Disclosure Material, both the potential Class Member and his, her, or its counsel must sign Exhibit A. If Lead Counsel learns that any potential Class Member who has requested access to Settlement Information is an actual or a potential business competitor of Roka, Lead Counsel shall so inform Roka as soon as possible.

12.     If (i) after review of the Settlement Disclosure Material, Lead Plaintiff decides to terminate the proposed Stipulation of Settlement or (*ii*) the Stipulation of Settlement is terminated for any other reason before being finally approved by the Court or (*iii*) the Stipulation of Settlement is not approved by the Court, then Lead Plaintiff and Lead Counsel shall, within seven business days after being notified by Defendants' Counsel to do so, return to Defendants' Counsel all Settlement Information that has been removed from the electronic site, as well as any and all copies of Settlement Information.  In any of the circumstances described in this paragraph, Defendants' Counsel shall have custody and control of all Settlement Information, including all Settlement Disclosure Material duplicated for any reviewer.

13.     Production of Settlement Disclosure Material shall not be deemed to be, and neither Lead Plaintiff nor Lead Counsel will argue that such production is, (*i*) a general waiver of the attorney-client privilege, the attorney work-product doctrine, or any other potentially applicable privilege or protection (including for trade secrets or proprietary information), (*ii*) a specific waiver of any privilege or protection applicable to the documents or information being produced, or (*iii*) an admission or indication that the documents or information are relevant to, or would or should be discoverable in, the Action or in any other litigation or proceeding in any forum.

14.     Pursuant to Federal Rule of Evidence 502(d), the parties to this Agreement agree and the Court orders that the attorney-client privilege and attorney work-product protection are not waived in this Court, any other federal court, or any state court by production of Settlement Disclosure Material in connection with this Action.

15.     If a document or information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege is inadvertently made available

8

as Settlement Disclosure Material, the document shall be removed from the electronic site upon discovery that such document was inadvertently included among Settlement Disclosure Material; *provided, however*, that Defendants' Counsel shall notify Lead Counsel of any such removal by providing a general description of each such document removed, including the date and the number of pages of the document. No individual or entity granted access to Settlement Disclosure Material shall be permitted to request a copy of any such privileged or protected document.

16.     If the proposed settlement of the Action is not approved, nothing in this Agreement shall preclude Lead Plaintiff from seeking the production of documents and information from Defendants pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court; *provided, however*, that, (*i*) without Defendants' express written agreement to the contrary, Plaintiffs shall not make discovery requests that refer directly to Settlement Information in any such request or in any proceeding relating to this Action or any other action or proceeding in any forum; (*ii*) Plaintiffs and Lead Counsel shall not use any Settlement Information in any proceeding relating to this Action or any other action or proceeding or in any forum, or in any other manner except to the extent such information is properly obtained through discovery in the course of the Action or any other action or proceeding and is used only to the extent permitted by the applicable court and rules; and (*iii*) Plaintiffs shall not be able to use the fact that Lead Counsel or anyone else was allowed access to Settlement Disclosure Material to argue that any such documents or information should or must be disclosed.

17.     Defendants reserve all rights in this case, and in any other pending or future proceeding, to object on any ground whatsoever to the production of any document included among Settlement Disclosure Material.

18.     Any violation of this Agreement shall entitle Defendants to injunctive or other

equitable relief as a remedy for the violation without proof of actual damages and without

limiting any other remedies that Defendants might have.  In agreeing to be subject to the terms of

this Agreement, Plaintiffs, Lead Counsel, and any other individuals allowed access to Settlement

Information agree to submit to the jurisdiction of the Court in which this Action is pending for

all matters concerning the enforcement of the terms of this Agreement.

19.     Any notice to Defendants required by this Agreement shall be addressed to the

following:

> Ralph C. Ferrara, Esq.
> Proskauer Rose LLP
> 1001 Pennsylvania Avenue, N.W.
> Suite 600 South
> Washington, D.C.  20004
> Telephone:  (202) 416-5820
> Facsimile:  (202) 416-6899
> rferrara@proskauer.com
>
> Jonathan E. Richman, Esq.
> Proskauer Rose LLP
> Eleven Times Square
> New York, New York  10036-8299
> Telephone:  (212) 969-3448
> Facsimile:  (212) 969-2900
> jerichman@proskauer.com

20.     Unless modified by the Court or the parties, this Agreement shall survive the final

determination of, and shall remain in full force and effect after the conclusion of all proceedings

in, the Action.  The Court in which the Action is pending shall have jurisdiction to enforce and

ensure compliance with its terms.

21.     This Agreement may be signed in counterparts, each of which shall constitute a

duplicate original.  Execution by facsimile shall be fully and legally binding.

22.    This Agreement shall be governed by and construed in accordance with the laws

of the State of New Jersey, excluding its conflict-of-laws provisions.

Laurence Rosen
Jonathan Horne
The Rosen Law Firm, P.A.
609 W. South Orange Avenue
South Orange, NJ  07079
Telephone: (973) 313-1887
Facsimile:  (973) 833-0399

ON BEHALF OF PLAINTIFFS, THE
CLASS, AND LEAD COUNSEL

Ralph C. Ferrara
Jonathan E. Richman
Proskauer Rose LLP
1001 Pennsylvania Avenue, N.W.
Suite 400 South
Washington, D.C.  20004
Telephone:  (202) 416-5820
Facsimile:  (202) 416-6899

ON BEHALF OF DEFENDANTS

SO ORDERED this 28 day of June , 2016

Freda L. Wolfson
United States District Judge

11

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| _____ X | |
| : | |
| **STANLEY YEDLOWSKI, etc.,** : | |
| : | |
| **Plaintiffs,** : | **Case No. 14-CV-8020-FLW-TJB** |
| : | |
| **v.** : | |
| : | |
| **ROKA BIOSCIENCE, INC., *et al.,*** : | |
| : | |
| **Defendants** : | |
| : | |
| _____ X | |

## UNDERTAKING REGARDING
## SETTLEMENT DISCLOSURE MATERIAL

I hereby attest that I have been provided with a copy of the attached Confidentiality Agreement and Order (the "Agreement") and that I understand that Settlement Information (as that term is defined in the Agreement) will be provided to me pursuant to the terms, conditions, and restrictions set out in the Agreement.

I further attest that I have read the Agreement and that I understand that, by signing this Undertaking, I have agreed, as a condition to my receipt of Settlement Information, to be bound by the Agreement and its terms, including, without limitation, that the Court in which the Action is pending shall have personal jurisdiction over me to enforce the terms of the Agreement.

I further agree and attest to my understanding that, if I should fail to abide by the terms of the Agreement, I may be subject to claims for damages and sanctions, including monetary sanctions and/or sanctions by way of contempt of court, for such failure.

_____                    _____
            Date                                                          Name

53536141v6